IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRINA SPICER,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **No. 14-3880** |
| | : | |
| **TRUMP ENTERTAINMENT RESORTS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

# ORDER

**AND NOW**, this 19th day of August, 2014, upon consideration of Plaintiff's motion to remand (doc. no. 3), and Defendant's opposition,[1] the Court finds as follows:

1. This is a personal injury case in which Plaintiff, Trina Spicer, alleges that she was injured while staying in one of the Defendants' rooms at the Trump Plaza Hotel and Casino. (Compl. ¶6.) According to the Complaint, Plaintiff slipped and fell on a wet floor caused by a water leak. (Id.) The Complaint included an ad damnum clause requesting an amount as damages "not in excess of Fifty Thousand ($50,000) Dollars." Plaintiff filed her Complaint in the Philadelphia Court of Common Pleas on July 8, 2013, and Defendants were served with the Complaint on July 11, 2013. On June 24, 2014, over eleven months after being served, and one day before a scheduled arbitration hearing, Defendants removed the case to this Court.

---

[1] I have considered Defendant's brief in opposition to the motion to remand, although it was filed almost a week late, without any explanation for the delay. See L.R.C.P. 7.1(c) ("any party opposing [a] motion shall serve a brief in opposition . . . within fourteen (14) days after service of the motion and supporting brief").

1

2. According to the state court docket, after the Complaint was filed this case proceeded through discovery and dispositive motions (Defendants' motion for summary judgment was denied), and mandatory non-binding arbitration was initially scheduled for March 25, 2014. The arbitration hearing was then continued twice, once at Plaintiff's request, and once at Defendants'. Arbitration was ultimately scheduled for June 25, 2014. On June 23, 2014, Defendant moved for another continuance of the arbitration date, on the grounds that two of its witnesses were unavailable for the June 25 arbitration date. That motion was denied. On June 24, 2014, Defendants filed this notice of removal.

3. Plaintiff requests remand on two grounds. First, she contends that the notice of removal is untimely. Second, she asserts that even if Defendants' notice of removal was timely, the notice does not demonstrate that the amount in controversy exceeds $75,000. I agree with both of these arguments.

4. Generally speaking, a case is removable if it could have been brought in federal court as an initial matter. 28 U.S.C. § 1441(a). In such a case, the notice of removal must be filed within 30 days of service of the Complaint. 28 U.S.C. § 1446(b)(1). However, when the initial pleading does not disclose a basis for removal, the defendant is allowed "30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" to remove the case. 28 U.S.C. § 1446(b)(3). Where an insufficient amount in controversy is the only impediment to removal, "information relating to the amount in controversy in the record of a State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

5. Defendants filed their notice of removal on June 24, 2014. Consequently, the removal is untimely unless Defendants learned of the removability of the case from an "amended pleading, motion, order or other paper" received on or after May 25, 2014. Defendants argue that this condition is satisfied by an email exchange between counsel beginning on June 16, 2014, in which defense counsel asked Plaintiff to "stipulate to a maximum recovery of $75,000," and warned that a failure to do so would result in Defendants "seek[ing] to have this matter removed." (Opp. Ex. B.) Plaintiff declined to stipulate, but noted that she was demanding only $50,000. (Opp. Ex. D.) Plaintiff further stated: "If the case is arbitrated and appealed and later tried and a jury later finds her damages to exceed 75k, so be it." (Id.)

6. Defendants' argument, if accepted, would mean that federal jurisdiction could be manufactured by a defendant simply by sending an email to opposing counsel proposing a cap on damages at $75,000 and receiving a response declining such an agreement (or, presumably, by receiving no response at all). A case can generally become removable only when a voluntary act of the Plaintiff allows the Defendant to "ascertain[]" that the jurisdictional requirements have been met. Efford v. Milam, 368 F. Supp. 2d 380, 385 (E.D. Pa. 2005). By this standard, it is difficult to understand how Plaintiff's refusal to agree to stipulate is an "act" at all. See Russell v. Home State Cnty. Mutual Ins. Co., 244 F. Supp. 2d 669, 672 (E.D. La. 2003) (holding that a plaintiff's refusal to sign stipulation was not a voluntary act triggering removal period). Plaintiff's counsel's email in response did not admit or deny any facts,[2] and included no information—beyond a continued insistence that she was seeking only $50,000—bearing on the amount of

---

[2] This distinguishes a mere refusal to stipulate from a plaintiff's response to an interrogatory or appropriately drafted request for admission.

damages suffered by Plaintiff. A mere refusal to stipulate may be motivated by any number of considerations unrelated to the amount in controversy. <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1320 (11th Cir. 2001). Perhaps the lawyer is merely being cautious. <u>Menard v. Hewlett Packard Co.</u>, 2012 WL 2938010, at *4 (E.D. Pa. July 19, 2012). Perhaps Plaintiff did not care for the wording of the stipulation. <u>Id.</u> Or perhaps Plaintiff simply wished to be disagreeable. Whatever the reason, declining to stipulate, by itself, is a non-event for the purposes of triggering the 30-day clock in 28 U.S.C. § 1446(b)(3). To hold otherwise would mean that the 30-day time-limit on removal is not a limit at all, but a window to be triggered at any time the defendant decides to propose a damages cap. Because Plaintiff's email did not start the removal clock, and because Defendant has not proffered any other event within the relevant time frame that would have, the notice of removal was untimely.

7. Defendants rely upon <u>Johnson v. Costco Wholesale</u>, 1999 WL 740690 (E.D. Pa. Sept. 22, 1999), where the court found the plaintiff's refusal to stipulate to be "legally significant" and declined to remand the case. Besides being against the great weight of authority in this district (see n.4, infra), <u>Johnson</u> involved a factual scenario far different from the one at issue here. In <u>Johnson</u>, the defendant requested a stipulation from the plaintiff almost immediately after receiving the complaint. <u>Id.</u> at *1. Then, when the plaintiff declined to stipulate, the defendant removed the case within 30 days of having been served with the complaint. <u>Id.</u>; <u>see also</u> 28 U.S.C. § 1446(b)(1) (removal should occur within 30 days of initial pleading). Thus, while <u>Johnson</u> may be helpful to Defendant's argument that the amount in controversy requirement is met, the timeliness of removal in <u>Johnson</u> sets it worlds apart from the case before me.

4

8. But even if the notice of removal were timely, Plaintiff's refusal to stipulate would be insufficient to carry Defendant's burden of showing that the amount in controversy exceeds $75,000.[3] Plaintiff's response added little or nothing to Defendants' understanding as to the damages at issue in the case. The email said nothing about Plaintiff's injuries, ability to work, or anything else that could pertain to damages. Although a refusal to stipulate has been considered "some evidence" of the amount in controversy, the vast majority of courts in this district consider it insufficient by itself to prove that the value of the case exceeds the jurisdictional amount.[4] The two pages Defendants attach from Plaintiff's deposition transcript, in which Plaintiff indicates that the back sprain she suffered "complicated [her] pregnancy to the fullest," and that she had to stop "stamp[ing] concrete next to [her] husband" because she was "pregnant and

---

[3] Because Plaintiff's Complaint requested relief not in excess of $50,000, Defendants bear the burden of proving to a preponderance of the evidence that the actual amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B).

[4] Lee v. Walmart, Inc., 237 F. Supp. 2d 577, 579-80 (E.D. Pa. 2002); see also Ricketts v. Wal-Mart Stores East, LP, 2014 WL 2514615, at *3 (E.D. Pa. June 3, 2014) ("[A] plaintiff's refusal to enter into a stipulation is not determinative as to the value of damages."); Minissale v. State Farm Fire & Cas. Co., 2013 WL 6731981, at *2 (E.D. Pa. Dec. 20, 2013) ("While there is some disagreement, the majority of opinions in the Eastern District of Pennsylvania found a plaintiff's refusal to stipulate to the amount in controversy, alone, is insufficient to show subject matter jurisdiction."); Heffner v. LifeStar Response of N.J., Inc., 2013 WL 5416164, at *7 (E.D. Pa. Sept. 27, 2013) ("evidence of a requested-and-rejected stipulation" is "not . . . dispositive," but may provide evidence that plaintiff's claims exceed jurisdictional amount); Coates v. Nationwide Ins. Co., 2013 WL 5224004, at *5 n.10 (E.D. Pa. Sept. 16, 2013) ("Even if Plaintiff had refused to stipulate, a refusal to stipulate does not, by itself, undo the presumption that an *ad damnum* clause determines the amount in controversy absent evidence to the contrary."); Menard v. Hewlett Packard Co., 2012 WL 2938010, at *4 (E.D. Pa. July 19, 2012) ("But just as a complaint that limits damages to a figure below the jurisdictional threshold does not guarantee the case stays out of federal court, a lawyer's refusal to limit his clients' recovery by signing a stipulation should not end the inquiry."); Buchanan v. Lott, 255 F. Supp. 2d 326, 333 n.5 (D.N.J. 2003) ("The Court does not believe that counsel's refusal to enter into a stipulation sheds any light on the likelihood of Plaintiff's case exceeding the $75,000 threshold."); TJS Brokerage & Co. v. CRST, Inc., 958 F. Supp. 220, 222 (E.D. Pa. 1997) (holding refusal to stipulate insufficient to demonstrate amount in controversy).

[could] not take a painkiller to get through it," are far too vague to meet Defendants' burden of proof, especially in light of Plaintiff's repeated demands for less than the jurisdictional amount.[5] See Irving v. Allstate Indem. Co., 97 F. Supp. 2d 653, 656 (E.D. Pa. 2000) ("If this Court has to guess, defendant has not proved [the amount in controversy]."). Thus, this ground for remand is also meritorious.

9. In addition to remanding, I will require Defendants to pay Plaintiff her "costs and any actual expenses, including attorney's fees, incurred as a result of removal." 28 U.S.C. § 1447(c). Costs and fees under this provision should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). That standard is met here.

10. Despite having completed discovery in state court, Defendants' notice of removal cited only Plaintiff's counsel's refusal to stipulate to a recovery of $75,000 or less as triggering its right to remove. Defendants did so even though the great weight of authority in this district holds that such a stipulation is insufficient on its own to trigger the right of removal, and no cases that I could find hold otherwise. Moreover, Defendants removed the case while having little evidence in support of their claim that the actual amount in controversy exceeded $75,000. Given the timeline followed in state court, the inescapable conclusion is that Defendants' notice of removal was filed to avoid an arbitration that they could not delay by legitimate means. Defendants have cited no authority for the proposition that they may do what they did here: manufacture jurisdiction by way of a belated ultimatum directed to Plaintiff's counsel, where no actual evidence otherwise

---

[5] I note that although Defendants do not disclose the date on which the deposition was taken, it seems likely that it was long before the notice of removal was filed, given that Defendants filed a motion for summary judgment in state court in February.

supports their claims about the amount of damages. I thus conclude that Defendants' argument that Plaintiff's refusal to stipulate triggered their right to removal lacks a reasonable basis.

**WHEREFORE**, it is **ORDERED** that:

− Plaintiff's motion to remand (doc. no. 3) is **GRANTED**.

− This action is **REMANDED** to the Philadelphia Court of Common Pleas.

− Plaintiff may file, within 14 days of this Order, an appropriate motion setting forth the attorney's fees and costs "incurred as a result of removal." 28 U.S.C. § 1447(c). Defendants may respond within 14 days.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**
_____
**Mitchell S. Goldberg, J.**