IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRINA SPICER, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 14-3880 |
| TRUMP ENTERTAINMENT RESORTS, et al., | |
| Defendants. | |

## ORDER

**AND NOW**, this 3rd day of November, 2014, upon consideration of "Plaintiff's Motion for Sanctions," (doc. no. 17), "Defendants' Motion for Sanctions," (doc. no. 20), and the responses thereto, the Court finds as follows:

1. On July 8, 2013, Plaintiff filed a complaint in the Philadelphia Court of Common Pleas alleging that she was injured while staying in one of the Defendants' rooms at the Trump Plaza Hotel and Casino. On June 24, 2014, over eleven months after being served, and one day before a scheduled arbitration hearing, Defendants removed the case to this Court. Plaintiff then filed a "Motion to Remand to State Court."

2. On August 19, 2014, I granted Plaintiff's motion, having found that Defendants' arguments regarding "their right to removal lack[ed] a reasonable basis," and that "the inescapable conclusion [was] that Defendants' notice of removal was filed to avoid an arbitration that they could not delay by legitimate means." In addition to remanding, I "require[d] Defendants to pay Plaintiff her 'costs and any actual expenses, including

attorney's fees, incurred as a result of the removal,'" and directed Plaintiff to file such a motion within 14 days. (quoting 28 U.S.C. § 1447(c)).

3. On August 29, 2014, Plaintiff filed a "Motion for Counsel Fees" requesting counsel fees in the amount of $2,700.00 for nine hours of work at the rate of $300.00 per hour.

4. On September 11, 2014, before their response to Plaintiff's motion was due, Defendants filed a "Motion to Stay Proceedings." They related that, having filed for bankruptcy on September 9, 2014, all pending matters against them, including this one, should be stayed.

5. Plaintiff opposed the motion, contending that "the fees have already been ordered . . . [t]he only remaining issue concerns the amount of fees." Plaintiff further argued that Defense counsel should pay the fees since the fees were incurred as a result of Defense counsel's "abuse of legal proceedings." Plaintiff stated specifically that "it now appears that the motivation for this unjustified removal was to 'wait out' the bankruptcy filing for these Defendants who, as indicated in written discovery responses, 'for purposes of this action, are self-insured.'"[1]

6. On October 3, 2014, I granted Defendants' motion to stay, having found that, pursuant to 11 U.S.C. § 362, a bankruptcy filing triggers an automatic stay of all pending judicial proceedings against the debtor. In addressing Plaintiff's argument that "I should exercise this Court's 'authority [under Fed.R.Civ.P. 11] to sanction counsel for their []actions and inactions in the handling of [this] matter' . . . I not[ed] that Plaintiff ha[d] not made a 'separate' motion for sanctions which 'describes the specific conduct that allegedly violates Rule 11,' as is required by the rule itself." I then permitted Plaintiff to file a Rule

---

[1] This factual background as set forth in ¶¶ 1-5 is drawn from my October 3, 2014 Order.

11 motion for sanctions on or before October 24, 2014, and for Defendants to respond within fourteen days of the filing of Plaintiff's motion.

7. Plaintiff has filed a timely motion for sanctions against Defendants' counsel, to which Defendants have filed a timely response.  In addition, Defendants have filed their own motion for sanctions against Plaintiff's counsel, to which Plaintiff has filed a response.  These cross-motions for sanctions are currently pending before me and are the subject of this Order.

8. Fed.R.Civ.P 11(c)(1) allows me to "impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11(b)]."  Rule 11(b), which is entitled "Representations to the Court," provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

9. Rule 11(c)(6) further requires that "[a]n order imposing a sanction [] describe the sanctioned conduct and explain the basis for the sanction."  This Order does just this.

10. In my August 19, 2014 Order I explained why Defendants lacked an objectively reasonable basis for seeking removal:

> Defendants filed their notice of removal on June 24, 2014. Consequently, the removal is untimely unless Defendants learned of the removability of the case from an "amended pleading, motion, order or other paper" received on or after May 25, 2014. Defendants argue that this condition is satisfied by an email exchange between counsel beginning on June 16, 2014, in which defense counsel asked Plaintiff to "stipulate to a maximum recovery of $75,000," and warned that a failure to do so would result in Defendants "seek[ing] to have this matter removed." Plaintiff declined to stipulate, but noted that she was demanding only $50,000.
>
> . . . .
>
> Despite having completed discovery in state court, Defendants' notice of removal cited only Plaintiff's counsel's refusal to stipulate to a recovery of $75,000 or less as triggering its right to remove. Defendants did so even though the great weight of authority in this district holds that such a stipulation is insufficient on its own to trigger the right of removal, and no cases that I could find hold otherwise.

(paragraph numbers and citations omitted.) With respect to this case law, I listed a litany of cases which found that a stipulation is insufficient on its own to trigger a right to remove, and also described why the case upon which Defendants relied as holding otherwise did not support their argument:

> Defendants rely upon <u>Johnson v. Costco Wholesale</u>, 1999 WL 740690 (E.D. Pa. Sept. 22, 1999), where the court found the plaintiff's refusal to stipulate to be "legally significant" and declined to remand the case . . . . <u>Johnson</u> [however] involved a factual scenario far different from the one at issue here. In <u>Johnson</u>, the defendant requested a stipulation from the plaintiff almost immediately after receiving the complaint. <u>Id.</u> at *1. Then, when the plaintiff declined to stipulate, the defendant removed the case within 30 days of having been served with the complaint. <u>Id.</u>; <u>see also</u> 28 U.S.C. § 1446(b)(1) (removal should occur within 30 days of initial pleading). Thus, while <u>Johnson</u> may be helpful to Defendants' argument that the amount in controversy requirement is met, the timeliness of removal in <u>Johnson</u> sets it worlds apart from the case before me.

I then concluded:

> Defendants removed the case while having little evidence in support of their claim that the actual amount in controversy exceeded $75,000. Given the timeline followed in state court, the inescapable conclusion is that Defendants' notice of removal was filed to avoid an arbitration that they could not delay by legitimate means. Defendants have cited no authority for the proposition that they may do what they did here: manufacture jurisdiction by way of a belated ultimatum directed to Plaintiff's counsel, where no actual evidence otherwise supports their claims about the amount of damages. I thus conclude that Defendants' argument that Plaintiff's refusal to stipulate triggered their right to removal lacks a reasonable basis.

11. This reasoning is relevant to my analysis here. I find that, in lacking an objectively reasonable basis for seeking removal, Defense counsel has violated Fed.R.Civ.P 11(b)(2), which requires that legal contentions be warranted by existing law or by a nonfrivolous argument for extending the law. I further find that, given my conclusion that the notice of removal was filed as a way to avoid the arbitration, Defense counsel has violated Rule 11(b)(1), which prohibits the filing of a document with this Court as a means to cause unnecessary delay. The imposition of sanctions against Defense counsel is therefore appropriate.

12. Fed.R.Civ.P 11(c)(4) provides that "[a] sanction imposed under [Rule 11(b)] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." See also DiPaolo v. Moran, 407 F.3d 140, 146 (3d Cir. 2005) ("The guiding purpose in fixing Rule 11 sanctions is fashioning a sanction adequate to deter undesirable future conduct.") Where the sanction is "imposed on motion and warranted for effective deterrence," Rule 11(c)(4) further directs me to enter "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." The sanctions in this case are thus

5

limited to the attorney's fees incurred in objecting to the removal[2], and are geared towards deterring parties who lack an objectively reasonable basis for seeking removal from doing so.

13. In her motion, Plaintiff seeks $2,700.00, which she describes as the amount of attorney's fees incurred as a result of the removal (nine hours of work at $300.00 per hour). Plaintiff contends that it took counsel six hours to draft and revise the motion to remand, two hours to do additional research and discover new case law on point which was forwarded to Defense counsel in the hopes that Defendants would voluntarily remand the case, and one hour to draft and file an additional brief in support of the motion to remand which alerted the Court to the recent decision.

14. Defendants dispute the amount of legal fees that Plaintiff claims were incurred as a result of the removal. They point out that "Plaintiff's counsel has not provided any affidavit or any accounting for the legal fees claimed," and that while Plaintiff claims that counsel spent six hours on the motion to remand, it was only an "eleven (11) averment motion." Defendants further argue that the "rate of $300.00 an hour is clearly excessive."[3]

15. Plaintiff's counsel has not provided an affidavit or a formal accounting of the time she spent in opposing the removal to federal court. The information with respect to the

---

[2] Plaintiff does not claim that she incurred any costs in objecting to the removal.

[3] Defendants further state that "Plaintiff's counsel does not charge her client for her time and works on a contingency basis." I do not however find Plaintiff's fee structure relevant to the calculation of sanctions. Were I to find otherwise, the logical conclusion would be that an attorney working on a contingency fee basis would never be entitled to monetary sanctions where the sanctioned conduct does not relate to the ultimate disposition of the case. This is not consistent with Rule 11's stated aim of deterrence.

6

counsel fees was instead presented as a factual averment in the motion for sanctions. Moreover, the motion to remand and the supporting memorandum were rather brief.[4]

16. With respect to the reasonableness of the attorney fees, I am guided by the fee schedule used by Community Legal Services in cases in which the law allows for the award of attorney's fees from the opposing party. Community Legal Services, "Attorney Fees," available at http://clsphila.org/about-cls/attorney-fees (last visited Oct. 28, 2014). These hourly rates range from $180-$200 per hour for an attorney with under 2 years' experience to $600-$650 per hour for an attorney with more than 25 years' experience. Id. I note that Plaintiff's counsel has not provided any information which indicates her level of experience.

17. In light of this lack of accounting and clarity, I will reduce the amount of attorney's fees incurred as a result of the removal to $2,000.00, and will impose sanctions in that amount. Both Defense counsel, Jamie Philip Vaughan, and his law firm, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., are jointly responsible for the violation and payment of the sanction. Fed.R.Civ.P. 11(c)(1) ("Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.").

18. Turning to Defendants' motion for sanctions, Defendants assert that Plaintiff should be sanctioned in the amount of $3,500.00[5] for having filed an "improper and baseless Motion for Sanctions." Defendants specifically argue that the motion lacks evidentiary support in violation of 11(b)(3) and is being presented for an improper purpose in

---

[4] The motion contained 11 factual averments and was just over two pages. The supporting memorandum was under three pages and did not necessitate in-depth legal analysis.

[5] There is no indication as to how Defendants arrived at that number.

violation of 11(b)(1) in that Plaintiff's counsel "admit[ted] that she filed [the motion] in order to circumvent the bankruptcy stay to obtain money for her client and [to] recoup her firm's legal costs at the expense of Defense counsel."

19. With respect to the argument that Plaintiff's motion for sanctions lacked evidentiary support, Defendants zero in on the claim of Plaintiff's counsel that "motivation for this removal was to delay this matter pending a bankruptcy proceeding that occurred three (3) months after Defense Counsel removed this case to this Honorable Court." Defendants insist that Defense counsel "had absolutely no knowledge that Trump Entertainment Resorts would file for bankruptcy," and point out that "this bankruptcy filing has had a substantially negative impact on Defense Counsel as its legal fees and costs in this matter [] will likely never be paid."

20. While Plaintiff lacks direct evidence that the motivation for the removal was to "wait out" the bankruptcy filing, I observe that this assertion does not form the stated bases for Plaintiff's motion for sanctions. In her motion, Plaintiff states that "it is respectfully submitted that defense counsel's actions in violation of Rule 11 include: 1) filing a baseless Arbitration Application for continuance; 2) filing a baseless removal to this Honorable Court; and 3) refusing to voluntarily withdraw the Removal when presented with case law right on point." Given that Plaintiff has shown that Defendants' legal contentions for seeking removal were unwarranted by existing law, I find that Plaintiff's motion did not lack evidentiary support so as to violate Rule 11(b)(3).

21. I also reject Defendants' argument that Plaintiff's motion was presented for an improper purpose in violation of Rule 11(b)(1). Plaintiff has denied Defendants' factual averment that, "in a conversation on October 8, 2014, Plaintiff's counsel admitted to Defense

8

counsel that she did not believe that this Motion for Sanctions would be successful, but was filing same to obtain a monetary recovery for her client and to recoup some of her firm's legal costs." Counsel's prediction as to the likelihood of success on a motion is irrelevant to the question of whether the motion was presented for an improper purpose.

**WHEREFORE**, it is **ORDERED** that:

− "Plaintiff's Motion for Sanctions" is **GRANTED**. Defense counsel Jamie Philip Vaughan and his law firm, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., being jointly responsible for the violation of Rule 11(b), shall pay $2,000.00 in sanctions payable to "Trina Spicer and Hill and Associates, P.C., her attorneys," within fourteen (14) days of the date of this Order.

− "Defendants' Motion for Sanctions" is **DENIED**.

                                      **BY THE COURT:**

                                      **/s/ Mitchell S. Goldberg**
                                      _____
                                      **Mitchell S. Goldberg, J.**